PER CURIAM.
Appellant, Jerry Phelps, appeals his conviction of manslaughter with a firearm, raising three issues on appeal. Because appellant’s first two issues are without merit, we decline to discuss them. In his third issue, appellant contends that although he filed a motion to correct his sentence pursuant to Florida Rule of *536 Criminal Procedure 3.800(b)(2) requesting that his judgment and sentence be corrected to reflect that he was convicted pursuant to a jury verdict rather than by entry of a guilty plea, the trial court failed to make the necessary corrections.
We AFFIRM appellant’s conviction and sentence as no reversible error occurred in the trial court. However, because it is clear that appellant’s judgment and sentence erroneously reflect that he entered a plea, we REMAND the cause to the trial court for correction of the scrivener’s error to reflect that appellant was convicted pursuant to a verdict in a jury trial and not by way of plea. See Muse v. State, 888 So.2d 710 (Fla. 1st DCA 2004) (affirming the appellant’s conviction and sentence but remanding for correction of judgment and sentence to reflect conviction following jury trial rather than guilty plea); Dowling v. State, 847 So.2d 1138 (Fla. 4th DCA 2003).
WOLF, C.J., BARFIELD and LEWIS, JJ., Concur.